```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

MAXEY MAXWELL and LINZIE )
MAXWELL, )
 )
    Plaintiffs, )
 )
v. )
 )   No. 05-2280 Ml/V
FRED PHILLIPS, in his official )
capacity as Commissioner of the )
Tennessee Department of Safety, )
 )
    Defendant. )
 )

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment, filed May 9, 2005. On July 15, 2005, the Court issued an order directing Plaintiffs to show cause why Defendant's motion should not be granted. On July 20, 2005, Plaintiffs filed a Response to Show Cause Order and Motion for Extension of Time to Respond to Motion for Summary Judgment, in which Plaintiffs requested a thirty-day extension of time in which to respond. Plaintiffs filed a response on November 14, 2005.[1] For the following reasons, Defendant's motion is GRANTED.

### I. Background

On April 15, 2005, Plaintiffs Maxey and Linzie Maxwell filed

---

[1] Accordingly, Plaintiffs' motion for an extension of time is DENIED as moot.



suit against Fred Phillips, in his official capacity as Commissioner of the Tennessee Department of Safety, seeking damages and equitable relief for an alleged violation of Plaintiffs' due process rights. In their Complaint, Plaintiffs state that on January 7, 2004, Linzie Maxwell was stopped by the Memphis Police while driving a car owned by Maxey Maxwell. The police arrested Linzie Maxwell for alleged drug possession, seized the car owned by Maxey Maxwell, and $4,451. (Compl. ¶¶ 4-6.) Linzie Maxwell was given a notice of seizure on the date of arrest and filed a demand for an administrative hearing on January 12, 2004. Plaintiffs allege that "notwithstanding the fact that . . . the State of Tennessee and the Memphis police department were aware of [t]he proper ownership of said vehicle, Plaintiff Maxey Maxwell never received notice of the hearing date, and was never given an opportunity to retrieve his vehicle." (Id. ¶ 8.) Further, Plaintiffs allege, "despite numerous phone calls and letters from Plaintiff's counsel, the Department of Safety never informed the Plaintiffs that a hearing was set for August 4, 2004." (Id. at 9.) According to the Complaint, the property was forfeited "notwithstanding the fact that proper notice was never given." (Id. ¶ 10.) On December 7, 2004, Plaintiffs filed a civil suit in the Shelby County Chancery Court, alleging due process and equal protection violations and seeking damages in the amount of $50,000 and the return of their

property.[2] Plaintiffs' federal Complaint, filed April 15, 2005, alleges a violation of due process and seeks damages in an unspecified amount and equitable relief.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.

---

[2] Defendant submitted a copy of the Plaintiffs' Complaint for Damages and Equitable Relief, Docket Number CH-04-2443-2, to the Court on May 9, 2005. In their response to Defendant's motion for summary judgment, Plaintiffs "deny that there remains a pending state claim from which relief can be granted; and in fact said Plaintiffs assert that the Defendants are aware that this action was filed in this honorable court because said Defendants moved to dismiss the Plaintiffs pleading on the grounds of jurisdiction." (Pls.' Resp. Mot. Summ. J. ¶ 3.) The Court has not received additional information on the disposition of Plaintiffs' state claim.

1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998). A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

### III. Analysis

Defendant moves for summary judgment on Plaintiffs' claim that "Defendant violated the plaintiffs' rights to due process of law as dictated by the 5th Amendment to the United States Constitution, as it is applied through the 14th Amendment to the Constitution." (Compl. ¶ 11.) Defendant contends that summary judgment is warranted because Plaintiffs' claim for monetary damages is barred by the Eleventh Amendment.

42 U.S.C. § 1983 provides the remedy for "vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S.

-4-

137, 144 n.3 (1979). In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a <u>person</u> acting under color of state law." <u>Leach v. Shelby County Sheriff</u>, 891 F.2d 1241, 1244 (6th Cir. 1989)(emphasis added)(citation omitted). A suit against a state official in his official capacity, however, "is not a suit against the official but rather is a suit against the official's <u>office</u>. As such, it is no different from a suit against the State itself." <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989)(emphasis added)(citation omitted). Suits against a State in federal court are barred by the Eleventh Amendment. <u>Timmer v. Michigan Dep't of Commerce</u>, 104 F.3d 833, 836 (6th Cir. 1997)(citing <u>Port Auth. Trans-Hudson Corp. v. Feeney</u>, 495 U.S. 299, 304 (1990)).

Defendant Phillips, in his official capacity, is not a "person" within the meaning of § 1983. Rather, Plaintiffs' suit is against Defendant's office, the Tennessee Department of Safety, and, as such, an action against the State that is barred by the Eleventh Amendment. Accordingly, the Court GRANTS Defendant's motion for summary judgment as to Plaintiffs' claim for damages.

In their Complaint, Plaintiffs also ask that this Court order the State of Tennessee to return their forfeited property. Claims for equitable relief against state officials in his or her

official capacity, unlike claims for damages, are not barred by the Eleventh Amendment. <u>Will</u>, 491 U.S. at 71 n.10 (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 (1985))("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"). Defendant acknowledges that Plaintiffs' claim for equitable relief is not barred by the Eleventh Amendment. Rather, Defendant requests that this Court abstain from hearing Plaintiffs' claim under the doctrine of abstention set forth in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), because Plaintiffs have brought the same claim in state court. Abstention, however, "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," <u>County of Allegheny v. Frank Mashuda Co.</u>, 360 U.S. 185, 188-89 (1959), and is generally limited to "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." <u>Id.</u> In this case, abstention is not warranted. Instead, as set forth below, Plaintiffs' Complaint should be dismissed, as they have failed to state an actionable claim for equitable relief under § 1983.

Plaintiffs allege that the State deprived them of property without due process. In procedural due process claims, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself

unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981). "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [state] postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, in order to state a procedural due process claim under § 1983, "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." Meyers v. City of Cincinnati, 934 F.2d 726, 731 (6th Cir. 1991). A plaintiff "may not seek relief under [s]ection 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [the] due process violations." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 587-88 (6th Cir. 2004).

Plaintiffs have failed to state a deprivation of due process claim because they have not alleged the inadequacy of state post-deprivation remedies. In their Complaint, Plaintiffs attack the failure of the Tennessee Department of Safety to provide adequate notice prior to the administrative hearing and forfeiture of their property, but do not allege that the process of judicial review for the correction of such errors was inadequate. Tennessee law, in fact, does provide a means by which individuals may challenge the orders of administrative agencies, such as the

Department of Safety. The procedure and standards of review are set forth in the Uniform Administrative Procedures Act, codified at Tenn. Code Ann. § 4-5-322.

The Uniform Administrative Procedures Act provides that "[a] person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). Section 4-5-322 specifies that review proceedings "are instituted by filing a petition for review in the chancery court" within sixty days after entry of the entry of the agency's final order." § 4-5-322(b)(1). The Uniform Administrative Procedures Act provides for judicial review of an administrative agency's decision pursuant to the following standard:

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the authority; (3) Made upon unlawful procedure; (4) Arbitrary or capricious . . . or (5) Unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 4-5-322(h).

Plaintiffs had the right, as well as the means, to seek judicial review of the Department of Safety's forfeiture order and to raise constitutional challenges in the chancery court on

appeal. Further, it is clear that Tennessee courts do entertain constitutional challenges—such as the one Plaintiffs raise here—in appeals governed by Tenn. Code Ann. § 4-5-322. See, e.g., Toyota Motor Credit Corp. v. State Dep't of Safety, No. M2003-00147-COA-R3-CV, 2003 WL 22519810, at *3 (Tenn. Ct. App. Nov. 7, 2003)(reviewing Department's forfeiture order under Tenn. Code Ann. § 4-5-322 on grounds that Department's notice procedure violated federal due process); Redd v. Tennessee Dep't of Safety, 895 S.W. 2d 322,334-35 (Tenn. 1995)(reviewing lower courts' disposition of petitioner's appeal from order of forfeiture alleging violations of federal due process for failure to provide adequate notice).

As set forth above, Plaintiffs "may not seek relief under [s]ection 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [the] due process violations." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 587-88 (6th Cir. 2004). Since there is a clear procedure for judicial review of administrative orders under Tennessee law, but Plaintiffs have failed to allege or prove the inadequacy of this "postdeprivation remedy," Hudson v. Palmer, 468 U.S. 517, 533 (1984), they may not seek relief before this Court under 42 U.S.C. § 1983. Accordingly, Defendant's motion for summary judgment is GRANTED.

## III.  Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment as to all of Plaintiffs' claims.

So ORDERED this 22 day of November, 2005.

```
                              /s/ Jon P. McCalla
                              _____
                              JON P. McCALLA
                              UNITED STATES DISTRICT JUDGE
```

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 2:05-CV-02280 was distributed by fax, mail, or direct printing on November 23, 2005 to the parties listed.

---

Javier M. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Rebecca Lyford
ATTORNEY GENERAL'S OFFICE
P.O. Box 20207
Nashville, TN 37202

Honorable Jon McCalla
US DISTRICT COURT